84 So.2d 677

## Buster LEE

v.

## STATE.

8 Div. 620.

Court of Appeals of Alabama.

Jan. 10, 1956.

388

H. T. Foster, Scottsboro, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Judge.

This appeal is from a judgment of conviction on a charge of illegal possession of prohibited liquors.

We take the tendencies of the evidence from the brief of the Attorney General:

"On the day of defendant's arrest, August 9 or 10, 1952, two highway patrolmen, on routine patrol, followed a taxi to the defendant's home. There they discovered the defendant and several (7 to 11) other men standing in defendant's yard.

"There were several empty beer cans scattered around the yard. One of the men, upon seeing the officers, ran to the rear of the house and was stopped by one of them. There was in back of the house a plowed-up garden plot and back of this garden plot, some 40 to 50 feet to the rear and to the right of the house, the officers discovered a chunk of ice and under this ice in a large can there were 28 cans of Schlitz beer.

"The beer was found some 9 or 12 feet to the right of a path which led from the defendant's house.

"The State's evidence tended to show that there were two or three houses up the hill from the defendant's house. It is not shown that the beer was found on the premises of the defendant.

"The defendant testified in his own behalf that there were several houses in that area, one 38 steps away, another 150 steps away, and a third 30 steps in an opposite direction from the other two."

The defendant also testified he knew nothing about the beer being in the pine thicket and had nothing to do with putting it there.

The Attorney General states frankly in his brief:

"Many cases pertinent to this particular problem are indexed in 12 Ala. D'gest, Intoxicating Beverages, ☞236(4) and 238(2). In examination of the cases there found, the writer was unable to discover a case with a comparable fact situation which was affirmed."

Neither have we found such a case, and since there was no evidence tending to connect the appellant with the commission of the offense with which he was charged, under the uniform decisions of this court and of the Supreme Court, we are of the opinion the appellant was entitled to the general affirmative charge, and for its refusal the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.